FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAY 10 AM 11:23
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 318-010 |
| | * | |
| ALEXANDER R. JOHNSON | * | |

O R D E R

Presently pending before the Court in this criminal matter is a <u>pro se</u> motion filed by Defendant Alexander R. Johnson requesting that this Court enter an Order requiring the United States Bureau of Prisons to place him in a Residential Re-Entry Center ("RCC") or halfway house for "at least 12 months." (Def.'s Mot., Doc. No. 33, ¶ 3.) Defendant is currently serving his federal sentence at FCI Jesup in this district.

With this motion, Defendant is challenging the manner of execution of his sentence; a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate legal vehicle to challenge the BOP's decision regarding his RRC placement. <u>See</u> <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). In order to file a § 2241 petition, Defendant must first

exhaust all administrative remedies with the Bureau of Prisons. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004).

Defendant has not filed an appropriate § 2241 petition, and he has not stated much less established that he has exhausted his administrative remedies. Accordingly, his motion requesting the Court to "mandate" an order (doc. no. 33) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10 day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE